JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA PUSATERI,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICAL MANAGEMENT INTERNATIONAL, INC. et al.,<br><br>    Defendants. | Case No. 2:22-cv-06824-SB-AS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 15] |

    Plaintiff Nina Pusateri, a citizen of California, filed this action in state court against Defendants Medical Management International, Inc. (MMI), a citizen of Delaware and Washington, and Taneeka Bautista and Lisette Farve, California citizens, asserting claims for whistleblower retaliation and intentional infliction of emotional distress (IIED).  Defendant MMI removed this case based on diversity of citizenship, claiming that the Court should ignore the citizenship of Bautista and Farve (Individual Defendants) because they were fraudulently joined to defeat jurisdiction.  Plaintiff has now filed a motion to remand.  The Court finds this matter suitable for decision without oral argument and vacates the October 28, 2022 hearing on this motion and Defendant's motion to dismiss.  Fed. R. Civ. P. 78; L.R. 7-15.

I.

    Plaintiff alleges that Defendant MMI operates a number of veterinary hospitals using the business name Banfield Pet Hospital.  From June 2018 to April 2022, Plaintiff worked at a Banfield Pet Hospital in California as a doctor of veterinary medicine.  According to her complaint, Plaintiff was terminated after she discovered that "medications had been illegally prescribed and dispensed to patients under her name without her knowledge of consent."  Dkt. No. 1-1, at 3 ¶ 10.  Plaintiff reported her discovery to Farve, the chief of staff at the hospital

where Plaintiff worked, and Bautista, the doctor of veterinary quality for the region.  In response, Farve and Bautista allegedly engaged in a series of retaliatory acts—including bullying, intimidation, and spreading false information to hospital staff—and terminated Plaintiff's employment.  *Id*. at 5-6 ¶¶ 20-28.

After her termination, Plaintiff filed this lawsuit in state court, asserting claims under California's whistleblower retaliation law, California Labor Code § 1102.5, and under the common law.  Dkt. No. 1-1.  Defendant MMI removed the case, contending that Farve's and Bautista's citizenship should be disregarded because they were fraudulently joined.  Dkt. No. 1.  Plaintiff filed the instant motion to remand this case.  Dkt. No. 15-1.  All Defendants oppose.  Dkt. No. 20.  Because Defendants have not demonstrated fraudulent joinder under the applicable Ninth Circuit standard, the Court grants the motion.

II.

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court.  28 U.S.C. § 1441(a).  If removal is based on diversity jurisdiction, *id*. § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The removing party bears the burden of proof.  *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant").  There is a "strong presumption" against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Defendants removed on the theory that Farve and Bautista were fraudulently joined as sham defendants to defeat removal from state court.  "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  Fraudulent joinder can be established by showing either actual fraud in the pleading of jurisdictional facts or the plaintiff's inability to establish a cause of action against the non-diverse party in state court.  *Id.*  The latter, on which Defendants rely, requires a showing that the non-diverse defendant "cannot be liable on any theory."  *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)).  The removing defendant's burden is "heavy," and there is a presumption against finding fraudulent joinder.  *Id.*

III.

Defendants argue that removal was proper because Plaintiff's allegations do not demonstrate any possibility of recovery as to the Individual Defendants under § 1102.5 or the IIED claim. To establish removal jurisdiction, Defendants must show that both claims fail under this stringent standard. *See Grancare*, 889 F.3d at 550 (joinder is not fraudulent if there is a possibility of recovery under any theory).

A.

Defendants first argue that individuals cannot be held liable under California Labor Code § 1102.5. But federal courts have found California law inconclusive on that issue, at least when considered in the context of fraudulent joinder. *See Moren v. Nat'l Express Transit, Inc.*, No. 121CV01206AWIJLT, 2021 WL 5602820, at *2 (E.D. Cal. Nov. 30, 2021) ("California district courts that have considered this exact issue from this particular procedural posture have continually determined that the action must be remanded because, as a matter of state law, it is not obvious whether a defendant can or cannot be found personally liable under § 1102.5.").

Although Defendants contend that the § 1102.5 claim against Favre and Bautista is specious, they cite no authoritative California law precluding the imposition of individual liability under that section. Indeed, they recognize that there is no appellate authority addressing the question and instead rely on trial court decisions that ruled on the issue on a motion to dismiss or demurrer. *E.g. Mewawalla v. Middleman*, No. 21-CV-09700-EMC, 2022 WL 1304474 (N.D. Cal. May 2, 2022).[1] But, as the Ninth Circuit explained in *Grancare*, the difference in

---

[1] Defendants also cite two California state trial court cases. Dkt. No. 20 at 7. Rejecting individual liability in *Bachmann v. Bay Area Air Quality Mgmt. Dist., et al.*, No. C17-01556 (Cal. Super. Jan. 18, 2018), the trial court found that "the language in section 1102.5 is susceptible to more than one reasonable interpretation" and relied on the interpretation of "similar" language in another statute. In *Aguiar v. Oreilly Auto Enterprises*, No. BC708634, 2020 WL 12584249, at *4 (Cal. Super. Dec. 18, 2020)), the trial court granted summary judgment by cursorily asserting that "Plaintiff does not cite, and the court is unaware of any, authority imposing liability for violation of [§ 1102.5] . . . on individual defendants."

the standard applicable to a motion to dismiss (e.g., *Mewawalla*) and a motion to remand (e.g., *Moren*) is significant:

> [T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.
>
> * * *
>
> A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits. Because the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction.

889 F.3d at 549 (citation omitted).

Thus, the Court must determine whether Defendants have shown that there is no possibility of recovery against the Individual Defendants. *Id.* at 550. Only then does the Ninth Circuit permit a finding of fraudulent joinder. Because California courts have not settled the question whether § 1102.5 can be used to impose personal liability, "Defendants have not carried their burden to establish that it would not be possible for a state court to conclude that Plaintiffs have stated a valid claim under § 1102.5 against [the Individual Defendants]." *Moren*, 2021 WL 5602820, at *3.[2]

---

[2] Defendants argue that even if the Individual Defendants could be found liable under § 1102.5, the allegations against them are insufficient to support such liability. But in analyzing fraudulent joinder, a court must determine whether "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. If the deficiency is curable, there is no fraudulent joinder. In light of this high bar, the Court is not persuaded that any pleading deficiency in the § 1102.5 claim against Individual Defendants cannot be cured by amendment.

B.

Because Defendants have failed to establish the impossibility of recovery against Favre and Bautista under § 1102.5, this Court is required to remand the case. Defendants also have not persuaded the Court that there is no possibility of recovery against Favre or Bautista under the IIED claim.

A claim for IIED must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (cleaned up). Conduct is "extreme and outrageous" if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (internal quotation marks omitted).

It is true that the allegations in the complaint are insufficient to state an IIED claim. Dkt. No. 1-1 ¶¶ 38–42. But this is not the jurisdictional standard. *See Grancare*, 889 F.3d at 548 (noting that the Ninth Circuit has upheld fraudulent-joinder findings where a defendant "presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on [his] claims against the allegedly fraudulently joined defendant"). Defendants have not met their burden to demonstrate that Plaintiff would be unable to plead a colorable claim against the Individual Defendants if given leave to amend. Courts frequently have rejected claims of fraudulent joinder in these circumstances. *See, e.g.*, *Veliz v. AT&T Mobility Servs., LLC*, No. 222CV00583MEMFJCX, 2022 WL 1746575, at *5 (C.D. Cal. May 27, 2022) (remanding based on possibility that plaintiff could amend IIED claim against a supervisor); *see also Jana Preciutti v. Anthem Blue Cross of Cal.*, No. LA CV20-03530 JAK (PVCx), 2020 WL 7646379, at *7 (C.D. Cal. Dec. 23, 2020) (same); *Saunders v. Sally Beauty Supply LLC*, No. CV 20-2421-GW-PLAx, 2020 WL 1847620, at *3 (C.D. Cal. Apr. 10, 2020) (same); *Guatemala v. Regus Mgmt. Grp., LLC*, No. CV 19-4243-GW-ASx, 2019 WL 5855983, at *4 (C.D. Cal. Nov. 8, 2019) (same).

Given the heavy burden on Defendants to establish fraudulent joinder, the presumption against such a finding, and the principle that any uncertainty must be resolved in favor of remand, the Court cannot find that the Individual Defendants were improperly joined. The Court therefore lacks subject matter jurisdiction and must remand.

IV.

Plaintiff requests an award of attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  This statute gives district courts "wide discretion" in determining whether to award fees.  *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 447 (9th Cir. 1992).  Fees should generally be denied unless the defendant "lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Although the Court concludes that remand is required, it is not clear that the Defendants lacked an objectively reasonable basis for removing the case.  *See Moren*, 2021 WL 5602820, at *3 ("While on-point authority points in one direction, removal here was not objectively unreasonable given the lack of binding authority.").  Accordingly, the Court denies Plaintiff's request.

V.

Because Defendants have not met their burden of establishing that the Individual Defendants were fraudulently joined, Plaintiff's motion to remand is **GRANTED**.  Plaintiff's request for an award of attorney's fees and costs is **DENIED**.  Defendants' motion to dismiss is therefore **DENIED** as moot.  The Court remands this case to Los Angeles Superior Court.

IT IS SO ORDERED.

Date: October 25, 2022

_____
Stanley Blumenfeld, Jr.
United States District Judge